# ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

MAR 3 0 2018

JAMES N. HATTEN, Clerk
By: ⟋⟋ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Information |
| *v.* | No. 1:18-CR-105 |
| KAI BROCKINGTON | |

THE UNITED STATES ATTORNEY CHARGES THAT:

## Count One
### *Mail Fraud*
### (18 U.S.C. §§ 1341 and 2)

1. Beginning in or about 2013, and continuing through in or about 2017, in the Northern District of Georgia and elsewhere, the defendant, KAI BROCKINGTON, aided and abetted by others known and unknown to the United States Attorney, did knowingly devise and intend to devise a scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses and representations, and by omission of material facts, well knowing and having reason to know that said pretenses and representations were and would be false and fraudulent when made and caused to be made and that said omissions were and would be material.

## BACKGROUND

At all times relevant to this Information:

2. Our Genesis Project was registered in 2010 as a nonprofit entity with the Georgia Secretary of State. Our Genesis Project was ostensibly established to

provide healthcare to underprivileged recipients. Our Genesis Project's website stated, "[t]he grassroots organization has a long term goal of developing as many medical clinics and related community education facilities as possible to enhance our served public and change lives!" The defendant, KAI BROCKINGTON, was the primary operator of Our Genesis Project and controlled the organization's bank accounts.

3. Our Genesis Project's Articles of Incorporation, on file with the Georgia Secretary of State, stated, "[t]he corporation is organized exclusively for charitable, educational, and scientific purposes under section 501(c)(3) of the Internal Revenue Code. Its purpose is to increase healthcare information, education, and services to needing parties." Our Genesis Project's Articles of Incorporation also contained a "description of activities", which stated, "[t]he past, present, and planned activities of Our Genesis Project, Inc., are to provide charitable, educational, and scientific resources in the area of healthcare to underprivileged groups, aiding the advancement of such groups."

4. In addition to filing with Georgia Secretary of State, the defendant sent or caused to be sent documents to the Internal Revenue Service ("IRS") for approval of the exempt organization status. On or about November 17, 2011, the Our Genesis Project application for recognition of exemption was filed with the IRS. On or about February 22, 2012, Our Genesis Project was declared by the IRS to be a tax exempt public charity under section 501(c)(3) of the Internal Revenue Code. Our Genesis Project was thereafter placed on the national database for approved charities.

5. Multiple large companies offered charity matching programs to their employees. Employees could donate money to a charity and request that the

company match that donation. Typically, participating companies required employees to produce documentation confirming the employee gift, such as a copy of the donor check or a receipt from the charity showing proof of donation. After receipt of confirmation of the employee's donation, the company would send the matching donation to the charity.

## MANNER AND MEANS OF THE SCHEME TO DEFRAUD

6. Beginning in approximately 2013 and continuing through 2017, the defendant, KAI BROCKINGTON, caused employees of several large companies to submit fraudulent charitable gifting claims, which caused these companies to pay approximately $668,000 in charitable matching contributions to Our Genesis Project. However, the employees had never actually donated money to Our Genesis Project and, on several occasions, the defendant had actually paid them thousands of dollars for their participation in this scheme. In fact, Our Genesis Project had never conducted any charitable work and the defendant used these funds for his and his family members' own personal benefit.

7. In 2013, the defendant caused an employee of Victim Company A to falsely claim that the employee had donated $40,000 to Our Genesis Project. The defendant then falsely informed Victim Company A that the employee had donated this money to Our Genesis Project. As a result of the defendant's actions, Victim Company A mailed a $40,000 check to Our Genesis Project. The defendant provided additional fraudulent gifting confirmations to the Victim Company A employee in 2014 and 2015, causing the company to mail an additional $73,000 to Our Genesis Project.

8. In 2014, the defendant led Victim Company B to believe that an employee had donated $5,000 to Our Genesis Project. However, this employee had not donated any money to Our Genesis Project. The defendant's fraudulent actions led Victim Company B to mail a $5,000 check to Our Genesis Project.

9. In 2015, the defendant worked for Victim Company C and led the company to believe he had personally donated $25,000 to Our Genesis Project. Additionally, the defendant led Victim Company C to believe that another employee had donated $25,000 to Our Genesis Project. In actuality, this particular employee had not given the defendant permission to use his/her name. The defendant's actions caused Victim Company C to mail a $50,000 check to Our Genesis Project; however, this payment was ultimately reversed.

10. In 2016, the defendant began working for Victim Company D. On three separate occasions, the defendant submitted fraudulent representations declaring that he had personally donated a combined total of $100,000 to Our Genesis Project. The defendant's fraudulent representations caused Victim Company D to send $100,000 to Our Genesis Project in matching donations. The defendant also caused two other employees to falsely tell Victim Company D that they had each donated $100,000 to Our Genesis Project. In support of this, the defendant supplied fraudulent gifting confirmations to these employees. As a result, the defendant caused Victim Company D to wire $200,000 to Our Genesis Project in matching donations. The defendant provided additional fraudulent gifting confirmations to Victim Company D for these same employees in 2017, causing the Victim Company D to wire an additional $200,000 for the benefit of Our

Genesis Project. The defendant caused Victim Company D to wire, in total, $500,000 for the benefit of Our Genesis Project.

11. The defendant spent the money he obtained from the victim companies on himself and his family members. The defendant purchased over $25,000 worth of jewelry; spent over $54,000 on trips to Italy, Disney World, and other locations. In addition, the defendant and his family spent over $57,000 on restaurants and food as well as approximately $116,000 on personal items, such as expensive clothing and shoes. The defendant spent additional funds on other living expenses, including updates to the family home, vehicles, utilities and other living expenses. At no point did the defendant use the funds he obtained for charitable purposes.

12. The defendant also made fraudulent statements during bankruptcy proceedings and on a number of federal tax returns during this time period. In 2015, the defendant filed for bankruptcy in the Northern District of Georgia. This bankruptcy filing contained false and fraudulent information about his income in that the defendant did not disclose the money he was earning from his fraud scheme. Similarly, the defendant willfully filed a number of false tax returns with the IRS during this time period. The defendant filed several false and fraudulent Return of Organization Exempt From Income Tax, Forms 990-EZ, on behalf of Our Genesis Project. These returns falsely claimed that the donated funds had been spent on community grants, community activities, and community expenses. The defendant also filed false U.S. Individual Income Tax Returns in his own name for tax years 2013 through 2016. The personal tax

returns failed to disclose the income the defendant had earned from this fraud scheme. The defendant's false statements to the IRS resulted in a tax loss of over $97,000.

## EXECUTION OF DEFENDANT'S SCHEME TO DEFRAUD

13. On or about November 20, 2013, in the Northern District of Georgia and elsewhere, the defendant, KAI BROCKINGTON, aided and abetted by others known and unknown to the United States Attorney, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses and representations, knowingly caused Victim Company A to send a $40,000 check by mail and by private and commercial interstate carrier to Our Genesis Project.

All in violation of Title 18, United States Code, Section 1341 and Section 2.

**Count Two**
*False and Fraudulent Tax Return*
(26 U.S.C. § 7206(1))

14. The United States Attorney re-alleges and incorporates by reference the factual allegations contained in paragraphs 1 through 13 of this Information as if fully set forth herein.

15. On or about April 11, 2017, in the Northern District of Georgia, the defendant, KAI BROCKINGTON, a resident of Dallas, Georgia, did willfully make and subscribe a false U.S. Individual Income Tax Return, Form 1040, which was verified by a written declaration that it was made under the penalties of perjury, and which the defendant did not believe to be true and correct as to

6

every material matter. That 2016 federal income tax return, which was prepared and signed in the Northern District of Georgia and filed with the Internal Revenue Service, falsely stated that the defendant's adjusted gross income was $17,845 whereas, as the defendant then and there knew, his adjusted gross income was substantially in excess of $17,845 as a result of the funds he had received from the aforementioned fraud scheme in tax year 2016.

All in violation of Title 26, United States Code, Section 7206(1).

## FORFEITURE PROVISION

16. Upon conviction of the offense alleged in Count One of this Information, the defendant, KAI BROCKINGTON, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(B), and Title 28, United States Code, Section 2461(c), any and all property constituting, or derived from, proceeds obtained directly or indirectly as a result of said violations; and

17. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third party;

    c. Has been placed beyond the jurisdiction of the court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property which cannot be divided without difficulty;

It is the intent of the United States, pursuant to Title 21, United States Code, Section 852(p), as incorporated by Title 18, United States Code, Section 982(b), to

seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above; all pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(B), and Title 28, United States Code, Section 2461(c).

BYUNG J. PAK
 *United States Attorney*

THOMAS J. KREPP
 *Assistant United States Attorney*
Georgia Bar No. 346781

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181